10-2781-pr
Baker v. Clinton County

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of November, two thousand eleven.

PRESENT:
John M. Walker, Jr.,
Robert A. Katzmann,
Richard C. Wesley,
*Circuit Judges.*

_____

Edward C. Baker,

*Plaintiff-Appellant*,

v.                                                                                          10-2781-pr

Clinton County, Richard Cantwell, District Attorney, Kristy

Sprague, Assistant District Attorney, Dana M. Loiacono,

Ex-Assistant District Attorney,

*Defendants-Appellees,*

Patrick R. McGill,

*Defendant.*

_____

FOR PLAINTIFF -APPELLANT:          Edward C. Baker, *pro se*, Ogdensburg, N.Y.

FOR DEFENDANTS -APPELLEES:      Thomas K. Murphy, Albany, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Edward C. Baker, proceeding *pro se*, appeals from the district court's dismissal of his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* the district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

We have conducted an independent and *de novo* review of the record in light of these principles. We affirm for substantially the same reasons stated by the district court in its June

23, 2010 memorandum decision and order.

We have considered all of Baker's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk